UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO: 1:20-CV-00063-MOC

| | |
|---|---|
| **ROBERTA LYNN NICHOLS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| **ANDREW M. SAUL,** ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**THIS MATTER** comes before the Court on judicial review of a final decision of the Commissioner of Social Security denying Plaintiff's application for supplemental security income. Plaintiff filed a Motion for Summary Judgment, requesting reversal and remand for rehearing. Doc. No. 9. The Commissioner in turn filed a Motion for Judgment on the Pleadings, requesting affirmance. Doc. No. 10. As explained below, the Court grants Plaintiff's motion, denies the Commissioner's motion, and remands this case to the ALJ for a decision consistent with this Order.

**I. BACKGROUND**

    **A. Administrative Exhaustion**

In July 2016, Plaintiff filed an application for supplemental security income under Title XVI of the Social Security Act (the "Act"), alleging she had been disabled since April 29, 2015. Doc. No. 8-1 at 36. Plaintiff's claims were denied initially and upon reconsideration, so she filed a written request for a hearing before an Administrative Law Judge ("ALJ"). Id. The ALJ held a hearing on August 29, 2018 to consider Plaintiff's claims. Id. On February 12, 2019, the ALJ issued a decision, concluding Plaintiff was not disabled within the meaning of the Act. Id. at 69. The Appeals Council denied Plaintiff's request for review on January 21, 2020, rendering the

ALJ's decision final and thus reviewable by this Court. Id. at 6. Plaintiff has exhausted available administrative remedies, so this case is ripe for judicial review, pursuant to 42 U.S.C. § 405(g).

### B.     Sequential Evaluation Process

The Social Security Act states that "an individual shall be considered to be disabled . . . if [s]he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); see id. § 423(d)(1)(A). The Commissioner uses a five-step sequential evaluation process to determine whether a claimant is disabled within the meaning of the Act:

1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings;

2. An individual who does not have a "severe impairment" will not be found to be disabled;

3. If an individual is not working and is suffering from a severe impairment that meets the durational requirement and that that meets or equals a listed impairment in Appendix 1 to Subpart P of 20 C.F.R. § 404, a finding of "disabled" will be made without consideration of vocational factors;

4. If, upon determining residual functional capacity ("RFC"), the Commissioner finds that an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made;

5. If an individual's residual functional capacity precludes the performance of past work, other factors including age, education, and past work experience, must be considered to determine if other work can be performed.

See 20 C.F.R. §§ 404.1520, 416.920. The claimant "bears the burden of production and proof during the first four steps of the inquiry." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995). If the claimant carries their burden through the fourth step, the burden shifts to the Commissioner to show other work exists in the national economy that the claimant can perform. See id.

### C. The Administrative Decision

The issue before the ALJ was whether Plaintiff was disabled from July 26, 2016, the application date, to the date of the decision. Using the sequential evaluation process, the ALJ concluded at step five that Plaintiff was not disabled within the meaning of the Act. To begin, the ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since July 26, 2016. Doc. No. 8-1 at 38. At step two, the ALJ decided she suffered from the following severe mental impairments: autism spectrum disorder, depressive disorder, anxiety-related disorder, conversion disorder, and adjustment disorder with mixed anxiety and depressed mood. Id. The ALJ also noted that she suffered from non-severe physical impairments. Id. At step three, the ALJ decided she did not have an impairment or combination of impairments that met or equaled the severity of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. Id. at 39.

Before turning to step four, the ALJ found Plaintiff had the residual functional capacity to perform a full range of work at all exertional levels, but with the following non-exertional limitations: she should avoid concentrated exposure to workplace hazards, such as unprotected heights and moving machinery; she is limited to simple, routine tasks for 2-hour blocks of time with normal rest breaks during an 8-hour workday with up to a reasoning level of 2; she is limited to low-stress work with occasional decision-making and occasional changes in the work setting; and she should have less than occasional interaction with the general public. Id. at 42. At step four, the ALJ determined that Plaintiff had no past relevant work. Id. at 67. But at step five, based on Plaintiff's age, education, work experience, and residual functional capacity, the ALJ concluded there were jobs that exist in significant numbers in the national economy that she could perform, including: dining room attendant, sweeper-clear, and automotive detailer. Id. at 67–68. Because such work existed, the ALJ held that Plaintiff was not disabled under the Act. Id. at 69.

## II.     DISCUSSION

When reviewing a disability determination, the Court "is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 340 (4th Cir. 2012). Courts do not conduct *de novo* review of the evidence. See Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986). Instead, our inquiry is limited to whether there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It "consists of more than a mere scintilla evidence but may be less than a preponderance." Id. The Court will not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Id. (alterations omitted). Put simply, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." Id. (alterations omitted).

"A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). Thus, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Id. If the Court has "no way of evaluating the basis for the ALJ's decision, 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" Id. (quoting Florida Power & Light v. Lorion, 470 U.S. 729, 744 (1985)); see Brown v. Colvin, 639 F. App'x 921, 922 (4th Cir. 2016) (explaining courts do not "min[e] facts from the [administrative] record to support the ALJ's decisions"). This ensures the ALJ can "adequately explain his reasoning . . . in the first instance." Radford, 734 F.3d at 296.

4

Here, Plaintiff alleges this case should be remanded to the ALJ for reconsideration because he improperly evaluated and weighed the medical opinions of Abbey Henson, a Licensed Professional Counselor.[1] When evaluating a claimant's disability, the ALJ must "consider all of the available evidence in the individual's case record," including evidence from "acceptable medical sources" and "other health care providers who are not 'acceptable medical sources.'" SSR 06-03p, 71 Fed. Reg. 45,593-03, 45,594 (Aug. 9, 2006).[2] Licensed Professional Counselors are not acceptable medical sources. See id. at 45,594 (defining acceptable medical sources as licensed physicians, licensed or certified psychologists, and, for limited purposes, licensed optometrists, licensed podiatrists, and qualified speech-language pathologists); see, e.g., Alford v. Saul, No. 1:18-cv-216, 2019 WL 3502958, at *5 (M.D.N.C. Aug. 1, 2019); Tena W. v. Berryhill, No. 7:17-cv-371, 2019 WL 363623, at *6 (W.D. Va. Jan. 7, 2019), report and recommendation adopted, 2019 WL 361138 (Jan. 29, 2019). Consequently, the opinion of a Licensed Professional Counselor "cannot establish the existence of a medically determinable impairment." SSR 06-03p, 71 Fed. Reg. at 45,594. Still, such an opinion "may provide insight into the severity of the [claimant's] impairment(s) and how it affects the individual's ability to function." Id. Accordingly, their opinions are entitled to consideration. See Whitfield v. Saul, No. 1:19-CV-00031, 2019 WL 4635652, at *3 (W.D.N.C. Sept. 23, 2019) (same).

Ms. Henson began seeing Plaintiff in March 2015. See Doc. No. 8-1 at 680. Since that time, Plaintiff has engaged in biweekly, 45-minute therapy sessions for her Major Depressive

---

[1] Plaintiff also complains that the ALJ improperly evaluated the medical opinion of Dr. Marilynn Hammond, a psychiatrist. Because the Court agrees that the ALJ improperly considered Ms. Henson's opinion, the Court declines to consider that contention at this time.

[2] SSR 06-03p was rescinded effective March 27, 2017 for claims filed on or after that date. See 82 Fed. Reg. 5,844 (2017). Plaintiff's claims were field in July 2016, so SSR 06-03p and other related regulations still apply to her disability determination.

Disorder, Generalized Anxiety Disorder, and Autism Spectrum Disorder.  Id.  According to Ms. Henson, Plaintiff's progress over that time was "mild," as she continued to "struggle to utilize [the] skills [they] discussed during [their] session[s] to challenge [her] mental health symptoms."  Id.  Ms. Henson also reported Plaintiff's "socialization skills appear[] below age level," as she: has "difficulties understanding others' perspectives and changing her perspective," "struggle[s] explaining and understanding feelings and emotions," and "struggles with communication exchanges and expressing her needs and concerns in detail without assistance."  Id. at 498–99.

In finding Plaintiff was not disabled, the ALJ recognized that Ms. Hensen was Plaintiff's Licensed Professional Counsel and not an acceptable medical source.  See id. at 62.  Still, he noted that Ms. Henson's opinions were helpful for analyzing "the severity of impairments and how they affect [Plaintiff's] ability to work."  Id.  Recognizing the "long treatment relationship" between Ms. Henson and Plaintiff, the ALJ afforded "great weight to the limitations proposed by Counselor Henson in so far [as] they are consistent with the residual functional capacity" he articulated, but "little weight to [any] proposed limitations in any regard they conflict with the residual functional capacity, including the possibility of additional restrictions concerning social interaction, such as with coworkers and supervisors, additional restrictions concerning concentration, persistence, or pace, additional limitations concerning understanding, remembering, or applying information, or additional restrictions concerning adapting or managing oneself, for example."  Id.

Plaintiff complains that this analysis is erroneous and "backwards" because it decides her residual functional capacity before assessing her credibility.  Doc. No. 9-1 at 8.  Courts routinely recognize the same.  For example, in Mascio v. Colvin, an ALJ similarly found that a Plaintiff's "statements concerning the intensity, persistence, and limiting effect of [his] symptoms [were] not credible to the extent they [were] inconsistent with the [ALJ's] residual functional capacity

6

assessment." 780 F.3d 632, 639 (4th Cir. 2015). The Fourth Circuit held that this "boilerplate" language "'gets things backwards' by implying 'that ability to work is determined first and is then used to determine the claimant's credibility.'" Id. (quoting Bjornson v. Astrue, 671 F.3d 640, 645 (7th Cir. 2012)). It also contravenes pertinent regulations, which require a residual functional capacity to "be based on all the relevant evidence in the case record." Id. And it frustrates the Court's review because it fails to "explain how [the ALJ] decided which [relevant] statements to believe and which to discredit." Id.; see also, e.g., Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1103 (9th Cir. 2014) (same).

Of course, the error from this "backwards" analysis would be "harmless if [the ALJ] properly analyzed credibility elsewhere." Mascio, 780 F.3d at 639. But here, the ALJ did not. In fact, the ALJ apparently gave no reason whatsoever for assigning Ms. Henson's opinion partial weight—beyond the fact that it conflicted with the proposed residual functional capacity finding. See Doc. No. 8-1 at 61–62. The Commissioner does not suggest otherwise.[3] In fact, he does not address the deficient reasoning at all. Rather, he presents an entirely separate basis for affirmance: administrative *res judicata*. So the argument goes, "a prior [disability] application filed by Plaintiff alleging disability onset one day earlier on April 28, 2015 was denied by an ALJ on March 21, 2016." Doc. No. 11 at 7. Because the final decision for that application was issued on July 15, 2015—well over two years before the decision here—the ALJ in this hearing "did not have jurisdiction to impliedly or expressly reopen the . . . earlier final ALJ decision" for good cause under the "2-year regulatory statute of limitations period for reopening" provided by 20 C.F.R. §

---

[3] The Commissioner might have attempted to argue that Ms. Henson's opinion was rejected because it was inconsistent with other evidence. But the mere fact that the ALJ pointed to other evidence supporting his conclusion is insufficient to infer that the ALJ rejected Ms. Henson's opinion "to the extent it conflicted with [other] evidence." Treichler, 775 F.3d at 1103.

416.1488(b).  Id. at 4.

Problems abound with the Commissioner's alternative basis for affirmance.  For one, the Commissioner supplies no authority for overturning the longstanding rule that courts "may not supply a reasoned basis for the agency's action that the agency itself has not given."  Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983) (citing SEC v. Chenery Corp., 332 U.S. 194, 196 (1947)).  In fact, the lack of a discussion on administrative *res judicata* supports the opposite inference than that which the Commissioner asks the Court to draw, for where a "subsequent claim [may] be the same for *res judicata* purposes, if it has nevertheless been reconsidered on the merits to any extent and at any administrative level, it is thereupon properly treated as having been, to that extent, reopened as a matter of administrative discretion." McGowen v. Harris, 666 F.2d 60, 65 (4th Cir. 1981).  Of course, the Commissioner is correct that 20 C.F.R. § 1488(b) limits the ALJ's discretion by allowing a case to be reopened "[w]ithin two years of the date of the notice of the initial determination" for "good cause."  20 C.F.R. § 1488(b). But perhaps the ALJ thought this requirement was satisfied, as at least some of the proceedings in this case occurred before that limitations period had run.  See, e.g., Doc. No. 8-1 at 31 (noting Plaintiff's application in this case "was denied initially [in this case] on October 7, 2016"). Regardless, under some circumstances, the agency can exercise its administrative discretion to reopen claims beyond the two-year limitations period.  See, e.g., 20 C.F.R. §416.1488(c) (allowing proceedings to reopen "[a]t any time" when a decision was "obtained by fraud or similar fault"). Put simply, the record is unclear whether the ALJ thought administrative *res judicata* should apply.

Even if the Court could apply administrative *res judicata* in the first instance, remand would still be appropriate, as that doctrinal bar applies only if the subsequent claim is "the 'same' claim earlier denied.'"  McGowen, 666 F.2d at 65.  But a claim is not "the same" where it "cover[s]

8

Case 1:20-cv-00063-MOC   Document 13   Filed 08/31/20   Page 8 of 10

a different period of disability." Flesher v. Colvin, No. 2:14-CV-30661, 2016 WL 1271511, at *11 n.10 (S.D.W. Va. Mar. 31, 2016) (citing Luckey v. Astrue, 331 F. App'x 634, 638 (11th Cir. 2009)), aff'd sub nom. Flesher v. Berryhill, 697 F. App'x 212 (4th Cir. 2017). While the earlier ALJ decision evaluated Plaintiff's disability status from April 28, 2015 to March 21, 2016, the subsequent ALJ considered Plaintiff's disability from April 29, 2015 to February 12, 2019—an additional three years. See Doc. No. 8-1 at 69, 170. Thus, assuming the Court could apply preclusion in the first instance, remand would still be appropriate for the ALJ to evaluate how Ms. Henson's medical opinion affects the "previously unadjudicated period of disability." Albright v. Comm'r of Soc. Sec. Admin., 174 F.3d 473, 476 (4th Cir. 1999); see also Torres v. Comm'r of Soc. Sec., No. 19-14197, 2020 WL 4559495, at *2 (11th Cir. Aug. 7, 2020) (collecting cases).[4]

In sum, the Social Security Administration should utilize its administrative expertise to determine the nature and scope of administrative *res judicata* in the first instance—not this Court through the Commissioner's *post hoc* justifications. Cf. Scott v. Colvin, No. 13-CV-1189, 2014 WL 3797491, at *16 (S.D. Cal. Aug. 1, 2014) (holding that "remand is appropriate for the ALJ to provide the appropriate *res judicata* consideration to [a] prior finding"). Accordingly, this matter is remanded to the ALJ for a decision consistent with this Order.

---

[4] The Commissioner suggests that, because Ms. Henson's "opinion is also based upon the period already adjudicated," Plaintiff cannot rely on it "to prove disability." Doc. No. 11 at 8. But proper consideration of such longitudinal evidence may nevertheless assist an ALJ in evaluating subsequent evidence and in determining whether a claimant's health has deteriorated further, such that a finding of disability is now warranted. Cf. Albright, 174 F.3d at 476 (explaining that "the mere passage of time often has a deleterious effect on a claimant's physical or mental condition").

**ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Summary Judgment, Doc. No. 9, is **GRANTED**, and the Commissioner's Motion for Judgment on the Pleadings, Doc. No. 10, is **DENIED**. Pursuant to the power of this Court to enter a judgment affirming, modifying, or reversing the decision of the Commissioner under 42 U.S.C. § 405(g), the ALJ's final decision is **REVERSED**, and this case is hereby **REMANDED** for a decision consistent with this Order.

Signed: August 31, 2020

Max O. Cogburn Jr
United States District Judge